

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-5-2006

# Carpenter v. PA State Univ

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3600

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Carpenter v. PA State Univ" (2006). *2006 Decisions.* Paper 130.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/130

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-53                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3600
_____

PAUL E. CARPENTER,

<u>Appellant</u>,

v.

PENNSYLVANIA STATE UNIVERSITY; THE APARTMENT STORE; WALK'S
SERVICE CENTER & AUTO BODY; ATLAS REALTY MGMT. CO., INC.; STATE
COLLEGE POLICE DEPARTMENT; THE CENTRE DAILY TIMES; CENTRE
COUNTY BOARD OF ARBITRATION; CENTRE COUNTY COURT OF COMMON
PLEAS; PENNSYLVANIA HUMAN RELATIONS COMMISSION; THE STATE OF
PENNSYLVANIA; UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION; THE SHANER HOTEL GROUP; THE AMERICAN EDUCATION
SERVICES
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-01378 )
District Judge: Honorable Malcolm Muir
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
November 22, 2006
Before:   SLOVITER, CHAGARES AND NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed: December 5, 2006)
_____

OPINION
_____

PER CURIAM

Appellant, Paul Carpenter, proceeding *pro se* and *in forma pauperis*, appeals an

order of the United States District Court for the Middle District of Pennsylvania dismissing his complaint. For the following reasons, we conclude his appeal is meritless and we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

Carpenter filed a complaint in the District Court containing a litany of prolix allegations detailing his interactions with the thirteen defendants named in his suit. Carpenter also submitted a 197-page appendix. The District Court identified numerous defects in the complaint, including non-compliance with the notice pleading requirements of FED. R. CIV. P. 8, failure to state proper grounds for joinder of multiple defendants under FED. R. CIV. P. 20(a), assertion of claims under federal statutes that do not provide a private right of action, and inclusion of state law claims without asserting a basis for diversity jurisdiction. The District Court dismissed the complaint without prejudice and gave Carpenter twenty days to file an amended complaint. Carpenter instead filed a notice of appeal of the order, along with a memorandum expressing his desire to stand on his original complaint. We therefore have jurisdiction under 28 U.S.C. § 1291. See Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (3d Cir. 1976).

We agree with the District Court's assessment of Carpenter's complaint. Carpenter has not provided the defendants with fair notice as to the nature of his federal claims, nor has he set forth sufficient grounds for a federal court to exercise diversity jurisdiction over any state law causes of action that could be discerned from the complaint. We conclude the appeal lacks an arguable basis in law or fact and thus we will dismiss it. See 28 U.S.C. § 1915(e)(2)(B); Neitzke v. Williams, 490 U.S. 319, 325

2

(1989).